United States District Court
Northern District of Indiana

| | | |
|---|---|---|
| RONNIE FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11-CV-342 JVB |
| | ) | |
| PATRICK KOLB, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Ronnie Flowers, a *pro se* plaintiff, filed an amended complaint pursuant to 42 U.S.C. § 1983. (DE 4.) He also seeks leave to proceed *in forma pauperis*. (DE 5.) Under the *in forma pauperis* statute, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949 (2009) (quotation marks and internal citations omitted). Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, the court gave Flowers an opportunity to replead his claims and specific instructions on what information he needed to provide. (*See* DE 3.) However, he still does not assert a plausible claim for relief under federal pleadings standards. He appears to be trying to raise some type of Fourth Amendment claim stemming from his arrest on January 26, 2011, after a man was stabbed inside his home. (DE 4 at 9-15.) However, his complaint is vague and confusing. In the narrative section of his complaint he states as follows:

> On 1/26/2011 at approximately 2130 hours this officers arrived at 617 W. 36th St, came to a follow up to this case they met with my 5 hours[] later they ask me could they come in to look for a bar[b]eque fork in my house and I said to the officer I don't no about no fork and I told them I was sleep and I had called at 5:30 p.m. here is 11:05 p.m. and they talking to me about a fight. and ha[d] me a warrant went they wrong b[ir]th day on it.

(DE 4 at 2.)

In the section designated "relief," he lists the names of eight different individuals and states after each one: "(search x seizure) x due processes of 4, 5, 6, 7 rights Coleman v. Frante."[1] (*Id.* at 4.) He does not explain how each defendant was personally involved in the violation of his rights and/or how his rights were violated. He also lists the Marion Police Department and the Grant County Sheriff's Department as defendants. (DE 4 at 3.) However, the Marion Police Department is not a suable entity, *see Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011), and Flowers has not provided any plausible basis for holding the Grant County Sheriff's

---

[1] It appears Flowers may be attempting to cite to *Coleman v. Frantz*, 754 F.2d 719 (7th Cir. 1985), in which the plaintiff was detained for 18 days without a probable cause hearing before a judicial officer. That case was abrogated in part, *see Benson v. Allphin*, 786 F.2d 268 (7th Cir. 1986), but in any event Flowers does not describe a situation where he was detained without a probable cause hearing.

Department liable. Even giving the *pro se* complaint liberal construction, Flowers fails to state a plausible claim for relief.[2]

For these reasons, the motion for leave to proceed *in forma pauperis* (DE 5) is **DENIED** and the amended complaint (DE 4) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** on December 5, 2011.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division

---

[2] The court notes that Flowers brought two prior suits which appeared to stem from the same January 2011 incident. *See Flowers v. Himelick, et al.*, No. 1:11-CV-302 (N.D. Ind. filed Sept. 2, 2011); *Flowers v. Kolb, et al.*, No. 1:11-CV-175 (N.D. Ind. filed May 23, 2011). In both cases his complaints were stricken on the basis of numerous deficiencies, and he was given opportunities to replead. Both cases were ultimately dismissed without prejudice for failure to prosecute. Thus, Flowers has had multiple opportunities to articulate his claims.